(101 So. 89)

### KING v. STATE. (8 Div. 166.)*

(Court of Appeals of Alabama. June 3, 1924. Rehearing Denied June 30, 1924.)

1. Criminal law ⟺361(1)—Question to state's witness whether defendant arranged to meet officers next morning held relevant.

In prosecution for manufacturing liquor, and possessing still, question to state's witness whether defendant arranged to meet the officers and go to a certain town the next morning was relevant to rebut a favorable inference sought to be drawn for defendant from fact that he was arrested when discovered.

2. Criminal law ⟺510½—Intoxicating liquors ⟺233(1)—Evidence that defendant bought sugar for manufacturing and turned bill over to accomplice held admissible as direct evidence, and to corroborate accomplice.

In prosecution for manufacturing liquor and possessing still, evidence that defendant bought sugar for use in the manufacturing, and turned the bill over to witness who was found at the still while in operation, was relevant as direct testimony of the fact, and to corroborate witnesses' testimony to that effect, since witness was an accomplice.

3. Criminal law ⟺444—Testimony held to render admissible bill turned over by defendant for sugar used in manufacturing liquor.

In prosecution for manufacturing liquor and possessing a still, the wife of an accomplice having testified that defendant bought sugar used in the manufacture and turned the bill over to her husband, her testimony that a certain paper was the one so turned over by defendant rendered such paper admissible.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Guy King was convicted of violating the prohibition law, and appeals. Affirmed.

See, also, 19 Ala. App. 338, 97 South. 257.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Counsel argue the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was convicted for violation of the prohibition law. The first count in the indictment charged the manufacture of prohibited liquors, and the second count charged the unlawful possession of a still. There was a general verdict of guilty. There was ample evidence to convict the defendant.

[1] The defendant interposed objection to the question propounded to a state's witness, "Was there any arrangement as to where the defendant was to meet the officers and go over to Huntsville the next morning?" on the ground that it was irrelevant and immaterial. The evidence had shown that two other persons found at the still were arrested at the time and the defendant developed on cross-examination of a state's witness that the defendant himself was not taken into custody at that time. The evidence was relevant to rebut a favorable inference sought to be drawn by the defendant from the fact that he was not arrested at the time, and in explanation of the failure of the officers to arrest him to show that he had agreed to meet them in Huntsville the next morning.

[2] There was evidence that the defendant bought the sugar which was used in the manufacture of the whisky, and turned over the bill for the sugar to one Garrett, one of the men found at the still while it was in operation. It was relevant as direct testimony of the fact, and also for the purpose of corroborating Garrett's testimony that the defendant had furnished the material for making the whisky. All occurrences connected with the commission of an offense may be received in evidence. Armor v. State, 63 Ala. 173. Whatever tends to shed light on the main inquiry is, as a general rule, admissible evidence. Mattison v. State, 55 Ala. 224. Garrett was an accomplice. His wife testified to the delivery by defendant to Garrett of the bill for the sugar. This evidence tended to corroborate the testimony of Garrett that the defendant furnished the material for making the whisky.

[3] The grounds of objection to the reading of the paper in evidence were (1) because the witness shows that she does not know it was the same paper, and (2) because the paper shows that it was a different paper from the one testified to by witness. The witness testified she knew the paper, and that it was the same paper handed by defend-

ant to her husband. The evidence was admissible. Its probative force was a question for the jury.

The court properly refused charges 1 and 2 requested by the defendant. These were the general affirmative charge as to counts 1 and 2 respectively. There was ample evidence to justify a conviction under each count of the indictment.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.